UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

DENNIS COLLINS,

                Plaintiff,

    -against-

NESTLE USA,

                Defendant.

-----------------------------------------------------------------X

Case No:

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff **DENNIS COLLINS**, by and through his attorneys, **SOMMA, ZABELL &**
**ASSOCIATES, LLP**, complains and alleges as follows:

## I. NATURE OF THE ACTION

1.   Plaintiff brings this civil action seeking declaratory, monetary, injunctive and affirmative
relief based upon Defendant's unlawful termination of Plaintiff's employment, in violation
of the Age Discrimination in Employment Act of 1967, as amended, (hereinafter "ADEA"),
29 U.S.C. Section 621 *et seq.*, the New York State Human Rights Law (hereinafter
"NYSHRL"), N.Y. EXEC. LAW §296 *et seq.* (McKinney 1993 and 2001 supp.) and related
rules, regulations, statutes and ordinances.

## II. JURISDICTION AND VENUE

2.   This court has jurisdiction over this action pursuant to 42 U.S.C. § 12117 and 28 U.S.C. §§
1331, 1337 and 1367.  This Court has jurisdiction over all state law claims brought in this
action pursuant to 28 U.S.C. § 1367.

3.   This action properly lies in the United States District Court for the Eastern District of New
York because the unlawful discriminatory conduct occurred in Nassau County within the
State of New York.

4. This Court has the power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

5. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") and brings this action within ninety (90) days of the receipt of the Notice of Right to Sue issued by the EEOC.

### III.   PARTIES

6. Plaintiff **DENNIS COLLINS** was, at all time relevant herein, a domiciliary of the State of New York, residing in Nassau County.

7. At all times relevant herein, Plaintiff has been an "employee" within the meaning of 42 U.S.C. § 2000e(f) and 29 U.S.C. § 630(f) and

8. At all times relevant herein, Plaintiff has been a "person" within the meaning of 29 U.S.C. § 630(a) and Section 292(1) of the NYSHRL

9. Upon information and belief, Defendant **NESTLE USA** (hereinafter "Defendant") is a foreign business corporation authorized to do business in the State of New York and is doing business at 800 North Brand Blvd., Glendale, California 91203.

10. Upon information and belief, at all times relevant herein, Defendant has been an "employer" within the meaning of 29 U.S.C § 630(b) and Section 292(5) of the NYSHRL.

11. Upon information and belief, at all times relevant herein Defendant employed more than fifty (50) employees.

### IV.   FACTS

12. In or about October 2000, Plaintiff began working as a Fund-Raising Consultant in the Northeast Region for Kathryn Beich, Inc., a division of Nestle.

13. Throughout his employment, Plaintiff performed his job in a satisfactory manner.

14. Upon commencement of Plaintiff's employment, Doug Holmes, Regional Manager, began to discriminate and harass Plaintiff.

15. This discrimination and harassment consisted of denying Plaintiff employment benefits which were conferred to others, making inappropriate comments relating to Plaintiff's age and terminating Plaintiff's employment.

16. Throughout his employment, Plaintiff was denied the requisite job training for his position, which was provided to other employees not similarly situated to Plaintiff in terms of age.

17. Throughout his employment, Plaintiff was not provided with the requisite corporate support for the maintenance and expansion of his designated sales territory which was routinely afforded to other employees not similarly situated to Plaintiff in terms of age. In particular, Plaintiff was not provided assistance by a Field Representative, which others had received.

18. In or about November 2000, Plaintiff was assigned to work at a New York State PTA Convention. Mr. Holmes, who was also at the convention, approached Plaintiff and continuously questioned Plaintiff about his age and the age of his children.

19. In or about November 2000, Plaintiff was assigned to work at the New York State Music Education Convention in Rochester. At this convention, Mr. Holmes again inquired into Plaintiff's age and the age of his children. He also interrogated Plaintiff about his work experience and what Plaintiff had done in his earlier days.

20. Throughout his employment, Plaintiff complained to Mr. Holmes about the discriminatory treatment he endured. Mr. Holmes ignored Plaintiff's complaints and took no steps to remedy the situation.

21. On or about April 1, 2002, Plaintiff's employment was terminated by Mr. Holmes.

22. Based upon foregoing, Plaintiff was unlawfully discriminated against based upon his age.

## VI.  CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
(ADEA - Age Discrimination)

23.   Plaintiff repeats and realleges each and every allegation contained herein.

24.   Plaintiff has been discriminated against by Defendant, on the basis of his age in violation of
the ADEA, by Defendant engaging in conduct which included subjecting Plaintiff to adverse
employment actions because of Plaintiff's age.

25.   As a proximate result of Defendant's discrimination, Plaintiff has suffered and continues to
suffer the substantial loss of past and future earnings, bonuses and other employment
benefits.

26.   As a further proximate result of Defendant's actions, Plaintiff has suffered and continues to
suffer severe and lasting embarrassment, humiliation, mental and physical anguish, and other
incidental and consequential damages and expenses.

27.   The conduct of the Defendant was done in conscious disregard of Plaintiff's rights.
Therefore, Plaintiff is entitled to equitable and injunctive relief, an award of back pay, front
pay, compensatory damages, punitive damages, expenses, interest and attorneys' fees in an
amount to be determined at trial.

### SECOND CLAIM FOR RELIEF
(NYSHRL - Age Discrimination)

28.   Plaintiff repeats and realleges each and every allegation contained herein.

29.   Plaintiff has been discriminated against by Defendant on the basis of his age in violation of
the NYSHRL, by Defendant engaging in conduct which included subjecting Plaintiff to
adverse employment actions because of Plaintiff's age.

30.   As a proximate result of Defendant's discrimination, Plaintiff has suffered and continues to

suffer substantial losses of past and future earnings, bonuses and other employment benefits.

31.     As a further proximate result of Defendant's actions, Plaintiff suffered and continues to suffer severe and lasting embarrassment, humiliation, mental and physical anguish and other incidental and consequential damages and expenses.

32.     The conduct of Defendant was done in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to equitable and injunctive relief and an award of compensatory damages in amount to be determined at trial.

## DEMAND FOR JURY TRIAL

33.     Plaintiff repeats and realleges each and every allegation contained herein.

34.     Plaintiff hereby demands a trial by jury.

**WHEREFORE**, as a result of the unlawful conduct and actions of the Defendant herein alleged, Plaintiff demands judgment:

1.     Declaring Defendants violated the aforementioned statutes;

2.     On the First Claim for Relief, an award of Plaintiff's actual damages for past and future earnings, bonuses, other employment benefits, in an amount to be determined at trial plus interest;

3.     On the Second Claim for Relief, an award of Plaintiff's actual damages for past and future earnings, bonuses, other employment benefits, in an amount to be determined at trial plus interest;

4.     With regard to the First Claim for Relief, an award of reasonable attorneys' fees;

5.     With regard to all Claims for Relief, Defendants be ordered to pay Plaintiff pre and post judgment interest;

6.     With regard to all Claims for Relief, Defendants be ordered to pay the costs and

disbursements of this action, including expert fees and disbursements; and

7.    For such other and further relief as may be just and proper.

Dated: Farmingdale, New York
        June 10, 2003

                            Respectfully submitted,

                            SOMMA, ZABELL & ASSOCIATES, LLP
                            Attorneys for Plaintiff

            By:_____
                            Saul D. Zabell (SZ - 2738)
                            500 Bi-County Blvd., Suite 112N
                            Farmingdale, New York 11735
                            (631) 719-0863